WATKINS, Judge.
This is an action on an open account brought by D.H. Holmes Co., Ltd., against Richard Cambie. D.H. Holmes obtained a judgment against Cambie in the sum of $1651.66 on a motion for summary judgment supported by (1) an affidavit of Dorothy F. Herring, Collection Manager for D.H. Holmes, stating “defendant” owed $1651.66 and (2) a copy of confirmation of default judgment in favor of D.H. Holmes, Co., Ltd., and against “defendant Emma Cambie, reserving all rights against Richard Cambie, Sr.” in the sum of $1651.66, the said judgment having been dated October 18, 1985. (The date of the summary judgment against Richard Cambie was December 18, 1985).
*106 In its memorandum in support of the summary judgment, D.H. Holmes states that Emma Cambie is Richard Camble’s wife and in captions to its pleadings D.H. Holmes so indicates. However, no exhibit annexed to D.H. Holmes’ motion for summary judgment states that Emma Cambie is Richard Camble’s wife. As a motion for summary judgment must be supported by pleadings, depositions, answers to interrogatories, admissions on file, or affidavits, and as we have no method of knowing whether Emma Cambie is Richard Cam-ble’s wife aside from plaintiff’s unilateral, unsworn assertions, we hold summary judgment should have been denied. See LSA-C.C.P. arts. 966, 967.
The judgment of the trial court is reversed and the matter remanded for further proceedings, all costs to await a final determination of the matter.
REVERSED AND REMANDED.